T.C. Summary Opinion 2008-135

UNITED STATES TAX COURT

REGINALD C. SCOTT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 369-06S.                    Filed October 28, 2008.

Reginald C. Scott, pro se.

<u>R. Scott Shieldes</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2003, the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,347 deficiency in petitioner's 2003 Federal income tax due solely to the disallowance of two dependency exemption deductions and related child tax credits, and the adjustment of petitioner's filing status from head of household to single.

## Background

Petitioner resided in Houston, Texas at the time his petition was filed in this case. Petitioner filed his 2003 Form 1040, U.S. Individual Income Tax Return, as a head of household and claimed dependency exemption deductions for two daughters. Petitioner also claimed a child tax credit with respect to his dependents.

Petitioner's daughters were born on November 13, 1978, and February 27, 1992, respectively. During 2003 petitioner's daughters were 24 and 11 years of age, and petitioner's 24-year-old daughter was a full-time college student. Petitioner was married to their mother, Marilyn Scott, until their divorce on June 1, 1994. Marilyn Scott was awarded custody of petitioner's daughters. The divorce decree also outlines times when petitioner would have visitation with his children, including holidays, birthdays, and weekends. Petitioner was ordered to pay

child support of $700 per month, which was for three children including his two daughters. Child support was payable until the youngest child reached 18 years of age and through the end of the high school year of the youngest child's 18th birthday.

In addition to the $700 monthly child support payment, petitioner and his former wife each were required to pay one-half of all health care not paid for by insurance, including medical, dental, drugs, etc. During 2003, 26 payments were withheld from petitioner's wages in the amounts of $323.08 or a total of $8,400.08 for the year. The divorce decree also has a section labeled "Excessive Tax Withholding" which includes the following order: "For the purposes of federal income tax withholding, Reginal Charles Scott is ORDERED AND DECREED to claim no fewer than the actual number of his dependents on Form W-4."

Petitioner paid additional amounts, including $1,200 to $1,600 annually for medical insurance coverage. Petitioner, however, was not aware of and cannot show the total amount that was expended for the support of his daughters.

## Discussion

Petitioner claimed dependency exemption deductions for two children for which he was not the custodial parent during 2003. In addition to claiming them as dependents, petitioner filed his 2003 income tax return using head of household status, and he claimed a child tax credit based on their status as dependents.

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed on a return.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Wilson v. Commissioner, T.C. Memo. 2001-139.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests.  Petitioner therefore bears the burden of proof.

Petitioner argues that the "Excessive Tax Withholding" clause in his divorce decree entitled him to claim the dependency exemption deductions for his children.  Respondent disagreed and, at trial, explained that the withholding clause was intended to ensure that petitioner had an adequate after-withholding tax net pay to satisfy the court-ordered support payments that were being automatically withheld by his employer.  The disputed clause

states: "For the purposes of federal income tax withholding, Reginald Charles Scott is ORDERED AND DECREED to claim no fewer than the actual number of his dependents on Form W-4." Although this Court is not able to agree with respondent's interpretation of that clause, we are certain that it was not intended to give petitioner the sole right to claim the Federal tax dependency exemption deductions for the children. Accordingly, we proceed to decide whether petitioner has shown that he is entitled to claim the dependency exemption deductions under the statutory requirements.

The issues we consider turn on whether either of petitioner's daughters was a dependent as defined in section 152 for 2003. A taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents. Sec. 151(c). An individual must meet the following five tests in order to qualify as a dependent of the taxpayer: (1) Support test; (2) relationship or household test; (3) citizenship or residency test; (4) gross income test; and (5) joint return test. Secs. 151 and 152. If the individual fails any of these tests, he or she does not qualify as a dependent.

For a claimed dependent to satisfy the support test a taxpayer generally must provide more than one-half of the claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(a). The taxpayer must

initially demonstrate, by competent evidence, the total amount of the support furnished by all sources for the taxable year at issue. Blanco v. Commissioner, 56 T.C. 512, 514 (1971); Cotton v. Commissioner, T.C. Memo. 2000-333. If the total amount of support is not established, then it is generally not possible to conclude that the taxpayer provided more than one-half of the support to the claimed dependent. Blanco v. Commissioner, supra at 514-515; Cotton v. Commissioner, supra. Support includes "food, shelter, clothing, medical and dental care, education, and the like." Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner testified and provided evidence that he contributed money toward his daughters' expenses. Sadly for petitioner, however, he was unable to establish the total amount of support provided to each child for 2003, and, accordingly, petitioner has failed to show that he provided more than one-half of each daughter's support. See Blanco v. Commissioner, supra at 514-515.

Petitioner also contended that he made an agreement with the attorneys who represented the parties in his divorce proceeding that petitioner would be entitled to claim the daughters as dependents on his separate tax returns. Petitioner has not provided any evidence of such an agreement other than his vague testimony on the subject. Petitioner appears to be arguing that

there was a multiple support agreement with respect to the children.

Section 152(c) provides for multiple support agreements and requires that no one person contribute over one-half of an individual's support and that over one-half of the support be received from persons each of whom, but for the fact that he did not contribute over one-half of such support, would have been entitled to claim the individual as a dependent for a taxable year beginning in that calendar year.  In addition, petitioner would have to prove that he contributed over 10 percent of the total support and each contributor of over 10 percent consented in writing to a multiple support agreement.

Because petitioner is unable to demonstrate that no one person contributed over half of the support for 2003, he is not entitled to claim the dependency exemption deduction under that approach. We therefore hold that petitioner is not entitled to the claimed deductions, as determined by respondent.

Section 24(a) provides for a "credit against the tax * * * for the taxable year with respect to each qualifying child of the taxpayer".  The term "qualifying child" means any individual if three requirements are met, one of which is that the taxpayer be allowed a deduction under section 151 with respect to the individual for the taxable year.  Sec. 24(c)(1).  Because we have concluded that petitioner is not entitled to dependency

exemption deductions for his daughters, they are not qualifying children. We therefore hold that petitioner is not entitled to child tax credits.

Section 1(b) imposes a special income tax rate on a taxpayer filing as a head of household. To qualify as a head of household the taxpayer must, inter alia, maintain as his or her home a household that is the principal place of abode for more than one-half of the year of an unmarried child of the taxpayer. Sec. 2(b)(1)(A). Because petitioner's daughters did not live with him for more than one-half of the year, we hold that he is not entitled to head-of-household filing status.

To reflect the foregoing,

Decision will be entered for respondent.